124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert S. KUHNE and Claudia C. Kuhne, Plaintiffs-Appellants,
v.
STATE of Illinois et al., Defendants-Appellees.
 No. 96-3160.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1997.*
Decided Aug. 6, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 C 7703; Brian Barnett Duff, Judge.
 Before POSNER, Chief Judge, EASTERBROOK, Circuit Judge, and MANION, Circuit Judge.
 
 ORDER
 
 1
 Robert and Claudia Kuhne charged that the State of Illinois, Cook County, a state judge, a state-employed court reporter, and several mortgage companies conspired to violate their constitutional right to due process in a mortgage foreclosure proceeding. Although it invoked 42 U.S.C. § 1983, the lawsuit was styled as a complaint under 18 U.S.C. § 241-242, the criminal analog to § 1983, as well as other provisions of the criminal code. The Kuhnes sought to bring their case before a grand jury. The district court dismissed the suit, ruling that private citizens lack standing to bring a criminal complaint. The Kuhnes then filed a motion for reconsideration under Fed.R.Civ.P. 59(e), which the district court denied, again stating that the right to bring a criminal proceeding lies within the exclusive authority of the government. The Kuhnes did not appeal from either the dismissal or the denial of their Rule 59(e) motion. Five months later, they filed a motion for relief from judgment under Fed.R.Civ.P. 60(b), again arguing that the district court erred in concluding that they had no constitutional right to bring a criminal action as private citizens. Again the district court denied the motion, explaining at length that the Kuhnes' theory was without merit, that the court had no power to issue an order granting them an audience with a grand jury, and warning them that they courted sanctions if they pursued the case further. Robert Kuhne appealed.[1]
 
 
 2
 Kuhne limits his argument on appeal to contending that the Constitution incorporated private citizens' English common law right to bring criminal actions before a grand jury. Even if this argument were correct--which it emphatically is not--it should not have been raised in a motion under Rule 60(b). A motion for reconsideration under Rule 59(e) is the appropriate vehicle for directing the district court's attention to an alleged error of law. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). Rule 60(6), in contrast, is "an extraordinary remedy ... designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). The rationale behind barring litigants from using Rule 60(b) to address errors of law is that it keeps them from "circumvent[ing] the ordinary time limitation for filing a notice of appeal." Id. That is what happened in the case at bar. Kuhne's Rule 60(b) motion raises the same argument that he made in opposing the motion to dismiss his original complaint, and in seeking reconsideration under Rule 59(e). Kuhne indicated that he waited five months to file the Rule 60(b) motion because he needed the extra time to research and articulate his theory that private citizens may bring criminal actions. Such use of Rule 60(b) as a means to extend the period for filing what is, in effect, an appeal is precisely what the Rules of Civil Procedure do not allow. Id. Kuhne should instead have appealed the denial of his Rule 59(e) motion for reconsideration and then, if necessary, asked for an extension of time in which to file his appellate brief. Because Kuhne improperly used Rule 60(b) solely to raise an alleged error of law, the district court did not abuse its discretion in dismissing his motion for relief from judgment.
 
 
 3
 As noted above, the district court warned Kuhne that he courted sanctions if he pursued the case. The court was correct. We have the discretion to impose, on our own motion, appropriate sanctions upon appellants who file frivolous appeals. Cir. R. 38; Fed. R.App. P. 38. Kuhne's attempt to federalize a mortgage foreclosure action--and in the process punish everyone involved in a decision which was not to his liking--is both offensive and patently without merit. As we have recognized before, "the judicial system cannot tolerate litigants who refuse to accept adverse decisions." Homola v. McNamara, 59 F.3d 647, 651 (7th Cir.1991). Accordingly, we give Kuhne fifteen days to show cause why he should not be subject to monetary sanctions under Fed. R.App. P. 38. The judgment of the district court is AFFIRMED. Allocation of costs will abide the decision under Rule 38.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Only Robert Kuhne's name appears on the Notice of Appeal and appellate brief. Since Robert Kuhne lacks standing to appeal on behalf of Claudia Kuhne, he is thus the only appellant properly party to this appeal